# UNITED STATES COURT OF APPEALS

**UNPUBLISHED**

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

GERARDO BORJAS,
　　　　　*Defendant-Appellant.*

No. 01-4730

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-01-26)

Submitted: February 5, 2002

Decided: March 11, 2002

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Kevin Frank McDonald, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Gerardo R. Borjas appeals the district court's criminal judgment entered pursuant to his guilty plea for one count of conspiracy to pass counterfeit obligations in violation of 18 U.S.C. §§ 371, 472 (1994). Borjas' attorney noted a timely appeal and filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), in which he represents that there are no arguable issues of merit presented by this appeal. Nonetheless, in his brief, counsel addressed the possibilities that the district court improperly conducted Borjas' plea hearing pursuant to Fed. R. Crim. P. 11 and that the district court erred in sentencing. The time for filing a supplemental brief has passed and Borjas has not responded, despite being advised of his right to do so.

We have reviewed the Rule 11 colloquy and find no discernible error in the way the district court conducted it. Moreover, because the district court properly sentenced Borjas within an accurately calculated guideline range, his sentence is not subject to appellate review. *See United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990).

We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, we dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*